1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID JAMES GRIDLEY,                    No.  2:14-cv-2352-EFB (TEMP)

12          Plaintiff,

13      v.                                   ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15

16          Defendant.

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title

20   XVI of the Social Security Act ("the Act").  The parties have filed cross-motions for summary

21   judgment, which have been submitted without oral argument.[1]  For the reasons discussed below,

22   plaintiff's motion is granted, the Commissioner's motion is denied and the matter is remanded for

23   further proceedings consistent with this order.

24                              PROCEDURAL BACKGROUND

25          On January 25, 2011, plaintiff filed an application for SSI under Title XVI of the Social

26   Security Act ("the Act") alleging disability beginning on February 6, 2006.  Administrative

27          ─────────────
             [1] This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C.
28   § 636(c); ECF Nos. 8 & 10.

                                              1

1   Record (AR) at 12, 148-57.  His application was denied initially, *id.* at 99-103, and upon

2   reconsideration, *id.* at 107-11.  Thereafter, plaintiff requested an administrative hearing which

3   was held before an Administrative Law Judge ("ALJ") on November 28, 2012.  *Id.* at 30-96.

4   Plaintiff was represented by a non-attorney representative, *id.* at 32, and testified at the

5   administrative hearing.  *Id.* at 31.  In a decision issued on February 14, 2013, the ALJ found that

6   plaintiff was not disabled.  *Id.* at 23.

7           The ALJ entered the following findings:

8
9
> 1.   The claimant has not engaged in substantial gainful activity since January 25, 2011, the application date (20 CFR 416.971 *et seq.*).

10
11
> 2.   The claimant has the following severe impairments: suspected myoclonic epilepsy vs primary or secondary generalized seizures; drug and alcohol abuse; and obesity (20 CFR 416.920(c)).

12
13
14
> 3.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

15
16
17
18
19
> 4.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine one to two step unskilled tasks with less than occasional interaction with the general public; as a safety seizure precaution, he is restricted to lifting and carrying 20 pounds maximum and precluded from climbing ladders, ropes, and scaffolds; and cannot work at heights or with heavy hazardous machinery.

20
> 5.   The claimant has no past relevant work (20 CFR 416.965).

21
22
> 6.   The claimant was born on February 6, 1990 and was 20 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

23
> 7.   The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

24
25
> 8.   Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

26
27
> 9.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform  (20 CFR 416.969 and 416.969(a)).

28

2

1
2

> 10.  The claimant has not been under a disability, as defined in the Social Security Act, since January 25, 2011, the date the application was filed (20 CFR 416.920(g)).

3   *Id.* at 14-23.

4   The Appeals Council denied plaintiff's request for review, *id.* at 1-3, leaving the ALJ's

5   decision as the final decision of the Commissioner.  Plaintiff sought judicial review pursuant to

6   42 U.S.C. § 405(g) by commencing this action.

7                                    LEGAL STANDARD

8   "The district court reviews the Commissioner's final decision for substantial evidence,

9   and the Commissioner's decision will be disturbed only if it is not supported by substantial

10  evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

11  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

12  support a conclusion.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001); *Sandgathe v.*

13  *Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

14  "[A] reviewing court must consider the entire record as a whole and may not affirm

15  simply by isolating a 'specific quantum of supporting evidence.'"  *Robbins v. Soc. Sec. Admin.*,

16  466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.

17  1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

18  reversing the Commissioner's decision, we must affirm."  *McCartey v. Massanari*, 298 F.3d

19  1072, 1075 (9th Cir. 2002).

20  A five-step evaluation process is used to determine whether a claimant is disabled. 20

21  C.F.R. § 404.1520; *see also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

22  process has been summarized as follows:

23
24

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.

25
26

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

27
28

> Step three:   Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt.

3

404, Subpt. P, App. 1?   If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff contends that the ALJ improperly rejected the opinion of an examining physician. ECF No. 13 at 8-12.[2]  The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  *Lester*, 81 F.3d at 830; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  *Lester*, 81 F.3d at 830. This is because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  *Smolen*, 80 F.3d at 1285; *Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir. 1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  *Lester*, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  In addition, greater weight should be given to the "'opinion of a specialist about medical issues

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    related to his or her area of specialty.'" *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)

2    (quoting 20 C.F.R. § 404.1527(d)(5)).  Finally, although a treating physician's opinion is

3    generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician,

4    including a treating physician, if that opinion is brief, conclusory, and inadequately supported by

5    clinical findings.'" *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Bray v.*

6    *Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)).

7    Here, Dr. Jonathan Gonick-Hallows, a psychologist,[3] examined plaintiff and administered

8    several tests, including the WAIS-IV, the Wechsler Memory Scale-IV, the Bender Gestalt-II and

9    Trails A and B, as well as a clinical interview and mental status examination.  AR at 246.  Based

10   on his examination, Dr. Gonick-Hallows, opined, in relevant part, that plaintiff

11
12   . . . appears to be a person who would have moderate to marked
     deficits in terms of his ability to interact effectively with co-
     workers, supervisors, and the general public in typical work settings
13   from a mental health standpoint . . . .  He might have moderate or as
     much as marked difficulty managing the usual work-related stresses
14   secondary to his lack of experience in the world, perfectionism, and
     self-esteem problems.

15   *Id.* at 248.

16   The ALJ discussed Dr. Gonick-Hallows' opinion and accorded it "some weight."  *Id.* at

17   21.  However, the ALJ stated that she "does not credit the speculative finding that the claimant

18   'might' have difficulty managing work stress as it is not supported by the evidence of record."  *Id.*

19   Having rejected that part of the opinion, the ALJ characterized Dr. Gonick-Hallows' opinion as

20   "consistent" with the ALJ's residual functional capacity determination limiting plaintiff to

21   "simple work with less than occasional contact with the public."  *Id.*

22   The ALJ's decision also purported to give "some weight" to the opinion of the non-

23   examining State agency physician, Dr. F. Mateus.[4]  AR at 21.  However, notwithstanding Dr.

24   _____

25   [3] *See generally Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) ("because Wang is
     a specialist, his opinion is owed greater weight as a matter of regulation").

26
     [4] In assigning only some weigh to the opinion of Dr. Mateus, the ALJ's decision
27   acknowledged that the opinion of a non-examining physician does not "as a general matter
     deserve as much weight as those of an examining or treating physician," but found that the
28   opinion of Dr. Mateus was consistent with the objective medical evidence.  AR at 21.

5

1    Mateus' opinion that plaintiff should have "minimal contact with people," *id.* at 21, the ALJ's

2    residual functional capacity determination,[5] ("RFC") does not include any limitation on plaintiff's

3    ability to interact effectively with co-workers or supervisors, only the general public.  That RFC

4    determination is contrary to the opinions of Drs. Gonick-Hallows and Mateus.

5         The assessment of RFC must be "based on all the relevant evidence in [the claimant's]

6    case record."  *Id.*  As noted above, despite the fact that the ALJ purported to give some weight to

7    the opinions of Dr. Gonick-Hallows and Dr. Mateus, the ALJ's RFC determination does not

8    address their finding that plaintiff's ability to take interact with co-workers and supervisors was

9    impaired.  As noted, the uncontradicted opinion of an examining physician, such as Dr. Gonick-

10   Hallows', may be rejected only for clear and convincing reasons.[6]

11        Here, the ALJ has not offered specific and legitimate reasons, let alone clear and

12   convincing reasons, for rejecting the opinion of examining physician Dr. Gonick-Hallows.  And

13   Dr. Gonick-Hallows' opinion was supported by the opinion of the non-examining physician, Dr.

14   Mateus.  Under these circumstances, the court cannot find that the ALJ's error was harmless.  *See*

15   *Deloney v. Astrue,* No. 2:10-cv-2687 DAD, 2013 WL 618213, at *5 (E.D. Cal. Feb. 19, 2013)

16   (finding error where "ALJ's decision fails to offer specific and legitimate reasons supported by

17   substantial evidence in the record to reject the opinions of examining physicians . . . with respect

18   to plaintiff's ability to interact with supervisors").

19        In this regard, Social Security Rule 85-15 provides that the "basic mental demands of

20   competitive, remunerative, unskilled work include the abilities (on a sustained basis) to . . .

21   respond appropriately to supervision, coworkers, and usual work situations," and that the

22   "substantial loss of ability" to meet these "basic work-related activities would severely limit the

23

24        [5] A claimant's RFC is "the most [the claimant] can still do despite [his or her]
     limitations."  20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1).

25        [6] When an examining physician's opinion is controverted by another doctor's opinion, the
26   examining physician's opinion may be rejected for specific and legitimate reasons supported by
     substantial evidence in the record. *Lester*, 81 F.3d at 830-31; *see also Garrison v. Colvin*, 759
27   F.3d 995, 1012 (9th Cir. 2014) ("While the opinion of a treating physician is thus entitled to
     greater weight than that of an examining physician, the opinion of an examining physician is
28   entitled to greater weight than that of a non-examining physician.").

1    potential occupational base" which, "in turn, would justify a finding of disability . . . ."  SSR 85-

2    15, 1985 WL 56857, *4 (S.S.A. 1985).

3         Simply rejecting, without meaningful explanation, important functional components of a

4    physician's opinion and then characterizing it as consistent with a functional capacity

5    determination that omits those components, does not satisfy the applicable standard.  In this

6    regard,

7              [t]o say that medical opinions are not supported by sufficient
             objective findings or are contrary to the preponderant conclusions
8             mandated by the objective findings does not achieve the level of
             specificity . . . required, even when the objective factors are listed
9             seriatim.  The ALJ must do more than offer his conclusions.  He
             must set forth his own interpretations and explain why they, rather
10            than the doctors', are correct.

11   *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.1988); *see also Garrison*, 759 F.3d 1012-13

12   ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing

13   more than ignoring it, asserting without explanation that another medical opinion is more

14   persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his

15   conclusion"); *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the

16   record his reasoning and the evidentiary support for his interpretation of the medical evidence.").

17        "The ALJ must do more than offer h[er] conclusions.  [S]he must set forth h[er] own

18   interpretations and explain why they, rather than the doctors', are correct."  *Reddick v. Chater*,

19   157 F.3d 715, 725 (9th Cir. 1998).  The ALJ has not done so here.  Accordingly, the court finds

20   that plaintiff is entitled to summary judgment in his favor with respect to his sole claim.

21                              SCOPE OF REMAND

22        With error established, the court has the discretion to remand or reverse and award

23   benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

24   under the "credit-as-true" rule for an award of benefits where:

25            (1) the record has been fully developed and further administrative
             proceedings would serve no useful purpose; (2) the ALJ has failed
26            to provide legally sufficient reasons for rejecting evidence, whether
             claimant testimony or medical opinion; and (3) if the improperly
27            discredited evidence were credited as true, the ALJ would be
             required to find the claimant disabled on remand.
28

*Garrison*, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  *Id.* at 1021; *see also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this action should be remanded for further proceedings and the court agrees.  Pl.'s Mot. for Summ. J., ECF No. 13 at 12.  On remand, the ALJ shall analyze and address the full opinions of Dr. Gonick-Hallows and Dr. Mateus and, if any portion of Dr. Gonick-Hallows' opinion is not adopted, the ALJ shall provide specific and legitimate reasons supported by substantial evidence in the record.[7]

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 13) is granted;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 16) is denied;

3.  The Commissioner's decision is reversed for the reasons indicated above;

4.  This matter is remanded for further proceedings consistent with this order; and

5.  The Clerk is directed to enter judgment for plaintiff.

DATED:  March 29, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7]  Assuming the ALJ also finds that Dr. Gonick-Hallows' opinion has been controverted by the opinion of another physician.  Otherwise, the ALJ shall provide clear and convincing reasons for not adopting any portion of Dr. Gonick-Hallows' opinion.

8