UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES GRIDLEY, | No. 2:14-cv-2352-EFB (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 22.

Plaintiff brought this action seeking judicial review of a final administrative decision denying plaintiff's applications for Supplemental Security Income under Title XVI of the Social Security Act. On March 29, 2016, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and remanded this action for further proceedings. ECF No. 20.

/////

/////

/////

1

On June 3, 2016, plaintiff filed the pending motion for attorney's fees.[1] ECF No. 22. Plaintiff's motion seeks an award of $3,940.46, based on 17.3 hours of attorney time, 5 hours of paralegal time, and $14.10 in costs.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") . "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

/////

---

[1] On July 18, 2016, plaintiff noticed the motion for hearing before the undersigned on August 17, 2016. ECF No. 23. In light of this order, the August 17, 2016 hearing on this motion is vacated.

2

Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation and that plaintiff's net worth did not exceed two million dollars when this action was filed. *See* ECF No. 22 at 1-2. Moreover, the court finds that the government's position was not substantially justified. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action.").

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[2] *See* 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d at 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" *Id.* at 989 (quoting *Hensley*, 461 U.S. at 437).

Here, plaintiff's attorney successfully moved for summary judgment resulting in an order remanding this action for further proceedings. After carefully reviewing the record and the

---

[2] In accordance with the decision in *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. *See* http://www.ca9.uscourts.gov. Here, plaintiff requests rates of $190.89 per hour for work performed in 2015 and $190.28 for work performed in 2016. The statutory maximum rate established by the Ninth Circuit for 2015, however, is $190.28. Moreover, according to plaintiff's records, 1.1 hours of time was performed in 2014, when the statutory maximum was $190.06. Plaintiff's fee request will, therefore, be adjusted accordingly.

3

pending motion, the court finds the claimed 17.3 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries.  *See, e.g.*, *Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); *Destefano v. Astrue*, No. 05-CV-3534, 2008 WL 623197, *4 (E.D.N.Y. Mar. 4, 2008).

Moreover, the number of hours expended by plaintiff's attorney is well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. *See Boulanger v. Astrue*, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time); *see also Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *cf. Id.* at 1137 ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases.").

Plaintiff's motion also seeks compensation for 5 hours of paralegal time at a rate of $125 per hour.  ECF No. 22 at 2.  "[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 590 (2008).  However, "[a]ccording to the court's own research, 'the paralegal rate favored in this district is $75 per hour.'" *Pehle v. Dufour*, No. 2:06-cv-1889 EFB, 2014 WL 546115, at *7 (E.D. Cal. Feb. 11, 2014) (quoting *Friedman v. California State Employees Association*, No. CIV. 2:00-101 WBS DAD, 2010 WL 2880148, at *4 (E.D. Ca. July 21, 2010)); *see also Kalani v. Statewide Petroleum, Inc.*, No. 2:13-CV-2287 KJM AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 25, 2014) ("courts in Sacramento have repeatedly determined in

recent years that the prevailing hourly paralegal rate is $75"). Plaintiff, therefore, will be awarded compensation for 5 hours of paralegal time at a rate of $75 per hour.

Finally, plaintiff requests that the EAJA fee award be made payable to plaintiff's counsel pursuant to a fee agreement signed by plaintiff. ECF No. 22 at 10. However, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in *Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel. The court will incorporate such a provision in this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 22) is granted;

2. Plaintiff is awarded $3,666.60 in attorney fees and $14.10 in costs under 28 U.S.C. § 2412(d);

3. Defendant shall determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause

/////

the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff; and

    4.  The August 17, 2016 hearing date (ECF No. 23) is vacated.

DATED: July 25, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE